**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**JERRY PAUL MELVARD** **PLAINTIFF**
**ADC #183868**

**V.** **NO. 2:26-cv-00188-JM-ERE**

**RAY PEALS, *et al.*** **DEFENDANTS**

**ORDER**

*Pro se* plaintiff Jerry Paul Melvard, an Arkansas Division of Correction ("ADC') inmate, filed this 42 U.S.C. § 1983 case. *Doc. 2*. Because Mr. Melvard's original complaint is deficient, I will postpone the screening process to give Mr. Melvard the opportunity to file an amended complaint clarifying his constitutional claims.[1] If Mr. Melvard fails to file an amended complaint, I will screen his original complaint, which will likely result in the dismissal of Mr. Melvard's claims.

## I. Pleading Deficiencies

### A. Complaint Allegations

Mr. Melvard's complaint alleges that, in September 2026, ADC officials removed him from the list to attend Islamic religious services as a result of which he

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept as true the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

has been unable to worship. He sues Senior Chaplain Ray Peals, Warden Todd Ball, and Chief Deputy Director William F. Straughn in both their individual and official capacities seeking only injunctive relief.

**B. Personal Involvement**

Mr. Melvard's complaint fails to allege facts to show how any of the named Defendants personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Melvard's complaint fails to state a plausible constitutional claim against any individual.

To the extent that Mr. Melvard seeks to hold Defendants Ball and Straughn liable for the actions of their subordinates, such a claim would not survive screening. Established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility

for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

## II. Guidelines for Filing Amended Complaint

Mr. Melvard has thirty days to file an amended complaint. If Mr. Melvard files an amended complaint, he should: (1) identify and name as Defendants the individuals who allegedly violated his First Amendment rights; (2) allege facts to explain what each Defendant did or failed to do that violated his First Amendment rights; and (3) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Melvard's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (holding that an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Melvard should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Melvard should not rely upon, or incorporate by reference, any allegations made in his complaint. In other words, Mr. Melvard's amended complaint, if filed, will stand alone.

Finally, Mr. Melvard's amended complaint need include only a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there

is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

## III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Mr. Melvard may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Melvard fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of Mr. Melvard's claims.

3. The Clerk is instructed to provide Mr. Melvard a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

DATED 19 November 2026.

UNITED STATES MAGISTRATE JUDGE